**HOLMES, TAYLOR, SCOTT & JONES LLP**
Andrew B. Holmes (SBN: 185401)
abholmes@htsjlaw.com
Matthew D. Taylor (SBN: 220032)
matthew.taylor@htsjlaw.com
617 South Olive Street, Suite 1200
Los Angeles, California 90014
Tel: (213) 985-2200
Fax: (213) 973-6282

*Attorneys for Defendants Hui Feng
and Law Offices of Feng & Associates P.C.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HUI FENG and LAW OFFICES OF FENG & ASSOCIATES P.C.,<br><br>　　　　Defendants. | Case No. 2:15-cv-09420-CBM-SS<br><br>[Hon. Consuelo B. Marshall]<br><br>**NOTICE OF APPEAL** |

　　Notice is hereby given that defendants in the above-named case Hui Feng and Law Offices of Feng & Associates P.C., hereby appeal to the United States Court of Appeals for the Ninth Circuit from the final judgment entered in this action on the 10th day of August, 2017 (Dkt. # 102) attached hereto.

　　Defendant's Representation Statement is attached to this Notice as required by Ninth Circuit Rule 3-2(b).

Dated: October 6, 2017　　　　　　　　HOLMES, TAYLOR, SCOTT & JONES LLP


　　　　　　　　　　　　　　　　By:　  /s/ Matthew D. Taylor
　　　　　　　　　　　　　　　　　　　Matthew D. Taylor
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Hui Feng and
　　　　　　　　　　　　　　　　　　　Law Offices of Feng & Associates P.C.

# REPRESENTATION STATEMENT

Andrew B. Holmes, Matthew D. Taylor and the law firm of Holmes, Taylor, Scott & Jones LLP represent Defendants-Appellants Hui Feng and Law Offices of Feng & Associates P.C. and no other party. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Defendant-Appellant submits this Representation Statement. The following list identifies all parties to this action, and it identifies their respective counsel by name, firm, address, telephone number, and email.

| PARTY | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellee: Securities and Exchange Commission | Donald W. Searles (SBN 135705<br>searlesd@sec.gov<br>Kristin S. Escalante (SBN 169635)<br>escalantek@sec.gov<br>Megan M. Bergstrom (SBN 228289<br>bergstromm@sec.gov<br><br>Securities and Exchange Commission<br>444 S. Flower Street, Suite 900<br>Los Angeles, California 90071<br>Telephone: (323) 965-3998<br>Facsimile: (213) 443-1904 |
| Defendants-Appellants Hui Feng and Law Offices of Feng & Associates P.C. | Andrew B. Holmes (SBN 185401)<br>abholmes@htsjlaw.com<br>Matthew D. Taylor (SBN: 220032)<br>matthew.taylor@htsjlaw.com<br><br>Holmes, Taylor, Scott & Jones LLP<br>617 South Olive Street, Suite 1200<br>Los Angeles, CA 90014<br>Tel:   (213) 985-2200<br>Fax:   (213) 973-6282 |

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HUI FENG and LAW OFFICES OF FENG & ASSOCIATES P.C.,<br><br>　　　　Defendants. | Case No.  2:15-cv-09420-CBM-SS<br><br>**FINAL JUDGMENT AGAINST HUI FENG AND LAW OFFICES OF FENG & ASSOCIATES, P.C.** |

Consistent with the Court's Amended Order re: Motions for Summary Judgment, judgment is entered in favor of Plaintiff Securities and Exchange Commission ("SEC"), and against Defendants Hui Feng and Law Offices of Feng & Associates P.C. (collectively, "Defendants"), as follows:

## I.

1. Defendants are permanently enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   A. to employ any device, scheme, or artifice to defraud;
   
   B. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
   
   C. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or anyone described in 2(a).

## II.

3. Defendants are permanently enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1

| | | |
|---|---|---|
| A. | to employ any device, scheme, or artifice to defraud; |
| B. | to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or |
| C. | to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. |

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or anyone described in 4(a).

## III.

5. Defendants are permanently enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make sue of any facility of a national securities exchange), to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

6. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any officers, agents, servants, employees, and

attorneys of Defendants; and (b) other persons in active concert or participation with Defendants or anyone described in 6(a).

### IV.

7. Defendants are also liable, jointly and severally with each other, for disgorgement of $1,268,000 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $130,517.09, for a total of $1,398,517.09. Defendants shall satisfy this obligation by paying $1,398,517.09 to the Securities and Exchange Commission within thirty (30) days after entry of this Final Judgment.

8. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

9. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the defendants.

  10. Pursuant to 15 U.S.C. § 7246, the SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

  11. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**V.**

  12. In addition to their obligations to pay disgorgement and prejudgment interest:  (1) Feng shall pay a civil penalty in the amount of $160,000; and (2) Law Offices of Feng & Assocs. shall pay a civil penalty in the amount of $800,000.  Defendants' civil penalties are ordered pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

  13. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

14. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the defendants.

15. Pursuant to 15 U.S.C. § 7246, the SEC shall hold the funds and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

**VI.**

16. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by any of the Defendants under this Final Judgment is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VII.**

17. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 10, 2017

                                                  HON. CONSUELO B. MARSHALL
                                                  UNITED STATES DISTRICT JUDGE